# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVID GLENN FOWLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   CV412-030 |
| | ) | |
| AL ST. LAWRENCE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

David Glenn Fowler, a pre-trial detainee held at the Chatham County Detention Center while awaiting extradition to Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)   Fowler, however, has failed to specify whether he has satisfied the common law exhaustion requirement for § 2241 claims.

"The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and

---

[1] While Fowler names St. Lawrence along with Wayne County, Michigan, Chatham County Georgia, and the Chatham County Jail, the proper respondent in a habeas corpus proceeding is the petitioner's custodian.   *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Here, the custodian is Sheriff Al St. Lawrence.   Accordingly, he alone is captioned as respondent.   All future filings shall conform.

the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490 (1973).  While the § 2241 statute does not contain an exhaustion requirement resembling that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions.  *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").  "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. §2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

A § 2241 petitioner, then, "must exhaust his state remedies by petitioning the highest court in the state in which he is being held 'when

such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (quoting *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)).   And "[b]ecause ordinary appellate procedure in Georgia authorizes habeas review in the Georgia Supreme Court, a petitioner must avail himself of that procedure before we will deem all state remedies to be exhausted." *Id*.

Because it is unclear whether Fowler has satisfied the exhaustion requirement, the Court **ORDERS** him to submit an amended § 2241 petition within 30 days of the date of this Order.   He must use the Court's standard § 2241 form petition (the Clerk shall provide one to him), on which he must show that he has exhausted available state remedies.

**SO ORDERED** this   2nd   day of February, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA